**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DANA INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | Case No. _____<br><br>[Removed from Lucas County Court of Common Pleas, Case No. G-4801-CI-0202101518-000] |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Zurich American Insurance Company ("Zurich") removes this case from the Court of Common Pleas of Lucas County, Ohio, where it is now pending, to the United States District Court for the Northern District of Ohio, and states as follows:

**THE REMOVED CASE**

1. On March 11, 2021, Dana Incorporated ("Plaintiff") filed its Complaint against Zurich in the Court of Common Pleas for Lucas County, Ohio, assigned Case No. G-4801-CI-0202101518-000 (the "State Court Action").

**I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.**

2. This action involves a controversy between wholly diverse parties who are each citizens of different states and the value of the matter in dispute exceeds the sum of $75,000.00.

Accordingly, this action is one over which the District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### A. Diversity of Citizenship Exists.

3. Upon information and belief, Plaintiff is a Delaware corporation with its principal place of business in Maumee, Lucas County, Ohio. Therefore, Plaintiff is a citizen of Delaware and Ohio for the purposes of 28 U.S.C. § 1332. (Compl. ¶ 2.)

4. Zurich is a New York corporation with its principal place of business in Schaumburg, Illinois. Therefore, Zurich is a citizen of New York and Illinois for the purposes of 28 U.S.C. § 1332.

5. Because Plaintiff is a citizen of Delaware and Ohio and Defendant is a citizen of Illinois and New York, complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1).

### B. The Amount in Controversy Requirement Is Satisfied.

6. Diversity jurisdiction requires an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (internal citation omitted).

7. Where a plaintiff claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (2012); *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016). When a defendant seeks federal-court

adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *See Dart Cherokee*, 574 U.S. at 82.

8. Plaintiff did not plead a specified amount of damages. (*See generally*, Compl.) Plaintiff seeks to recover damages from Zurich for breach of contract and breach of the duty of good faith based on allegations that Zurich wrongfully denied Plaintiff's COVID-19 related insurance claim(s) under "policy number PPR 5917981-14," an insurance policy issued by Zurich to Plaintiff "for the period of January 1, 2020 to January 1, 2021." (Compl. ¶¶ 87-101, 29.)

9. Zurich's Complaint states the underlying "policy provides up to $750,000,000 in coverage per occurrence, subject to certain limits." (Compl. ¶ 31.) Plaintiff also incorporates by reference the "April 14, 2020 notice provided to Zurich." (Compl. ¶¶ 28, 83.)[1] In this letter, attached as Exhibit 1, Plaintiff provided notice to Zurich of an alleged loss. The letter does not specifically state the amount of loss claimed, but says, Plaintiff is "gathering information related to the loss, including the relevant dates, locations and amounts." *See* Exhibit 1.

10. Plaintiff also incorporates by reference a later letter, dated July 23, 2020 and attached as Exhibit 2. (*See* Compl. ¶ 84.) Plaintiff sent this letter to Zurich "to follow up on Dana's April 13, 2020 notice." *See* Exhibit 2. On page 2 of this July 23, 2020 letter, Dana states: "We believe there is coverage for amounts up to the $750,000,000 limit." *Id*.

11. Dana appears to be claiming losses not only from the US, but from their facilities around the world. *See id.* ("Below we outline a few specific instances of COVID-related loss and

---

[1] In this case, Plaintiff incorporated by reference the notice of loss and resulting communications transmitted to Zurich, all of which are directly related to the underlying causes of action in this case. *See In re Omnicare, Inc. Sec. Litig*., 769 F.3d 455, 468 (6th Cir. 2014) (in order for document referenced by complaint to be incorporated by reference, Defendant and Court must be on notice of document's contents). By doing so, Plaintiff placed Defendant and Court on notice of the contents of these communications, which are similar if not identical to the allegations in the complaint. Although Plaintiff refers to the letter as the "April 14, 2020" letter, it was actually dated April 13, 2020.

expense, but these should be viewed as examples only and the **tip of the iceberg** given Dana's more than 30,000 employees and facilities in 34 countries.") (emphasis added).

12. Dana is seeking compensatory damages for losses that accrued over a year's time across 34 countries. This alone demonstrates by a preponderance of the evidence that the actual amount in controversy exceeds the $75,000 requirement set by 28 U.S.C. § 1332.

13. Additionally, Plaintiff's request for punitive damages further indicates that the amount in controversy is well beyond the threshold. *See Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015) ("In calculating the amount in controversy for diversity jurisdiction, courts can consider punitive damages"); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." (internal quotation omitted)); *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 402 (Ohio 1994) (stating that punitive damages may be recovered "against an insurer that breaches its duty of good faith in refusing to pay a claim of its insured upon proof of actual malice, fraud or insult on the part of the insurer"). Under Ohio law, punitive damages are capped at two times the amount of compensatory damages. Ohio Revised Code 2315.21(D)(2)(a); *see, e.g.*, *Bell v. Zurich Am. Ins. Co.*, 156 F. Supp. 3d 884, 890-91 (N.D. Ohio 2015). This consideration further demonstrates by a preponderance of the evidence that the actual amount in controversy exceeds the $75,000 requirement set by 28 U.S.C. § 1332.

14. Plaintiff also requests attorneys' fees, which may be awarded on a bad faith claim where the jury finds that punitive damages are warranted, *Zoppo*, 644 N.E.2d at 402, and which should be considered in determining the amount in controversy if they are statutorily authorized.

*Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). This consideration further demonstrates by a preponderance of the evidence that the actual amount in controversy exceeds the $75,000 requirement set by 28 U.S.C. § 1332.

15. In sum, the Complaint, including the documents incorporated by reference therein, therefore demonstrates by a preponderance of the evidence that the actual amount in controversy exceeds the $75,000 requirement set by 28 U.S.C. § 1332.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

16. Venue is proper in this Court for purposes of removal under 28 U.S.C. § 1441(a), but not necessarily for purposes of 28 U.S.C. § 1391 or any other applicable venue provision. By filing this Notice of Removal, Zurich does not waive any of its jurisdictional objections or affirmative defenses.

17. The Court of Common Pleas of Lucas County, Ohio, is located within the Northern District of Ohio, Western Division. 28 U.S.C. § 115. Venue is thus proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

18. The Summons and Complaint were served upon Zurich via Certified U.S. mail on March 17, 2021. This Notice of Removal is being filed within 30 days of service of a copy of the initial pleading setting forth the claims for relief upon which such action is based and, therefore, is timely under 28 U.S.C. § 1446(b).

19. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders is attached as Exhibit 3.

20. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be delivered to counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

21. In compliance with 28 U.S.C. § 1446(d), Zurich will, upon docketing of the Notice of Removal in this Court, file a copy of the Notice of Removal with the Clerk of the Court of Common Pleas for Lucas County, Ohio.

WHEREFORE, Defendant prays that this action proceed in this Court as an action properly removed, and that no further proceedings be had in the State Court Action.

Respectfully submitted, this 8th day of April, 2021,

*/s/ Jennifer L. Mesko*
Kevin M. Young (0029715)
Jennifer L. Mesko (0087897)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: kevin.young@tuckerellis.com
jennifer.mesko@tuckerellis.com

*Attorneys for Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2021, a copy of the within and foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, written notice of the filing of this Notice of Removal will be delivered to counsel for Plaintiff:

David Rodman Cooper
Marshall & Melhorn, LLC
Four Seagate, Eighth Floor
Toledo, Ohio 43604
567-316-6260
rcooper@marshall-melhorn.com

Syed S. Ahmad
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
202-955-1656
sahmad@huntonak.com

Patrick M. McDermott
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
804-788-8707
pmcdermott@hunton.com

*Attorneys for Plaintiff Dana Incorporated*

                                           */s/ Jennifer L. Mesko*

                                        *One of the Attorneys for Zurich American Insurance Company*

5095336.1